YARRUT, Judge.
Plaintiff appeals from a judgment dismissing her suit on Defendant’s exception of no right or cause of action; hence, the allegations of Plaintiff’s petition must be accepted as true.
Plaintiff alleges: That she and Defendant were married in 1951, after first entering into a pre-nuptial contract renouncing the community of acquets and gains, and with express reservation to Plaintiff of the entire administration of her separate and paraphernal estate, and the enjoyment of its revenues; that she owned several im- *44 movables in Orleans and Jefferson Parishes at the time of her marriage; that in the nine years of marriage these properties produced revenues in excess of $144,000, and that she earned more than $42,000 as wages, the substantial part of which was deposited in bank in her name; that Defendant was given the right to write checks on her bank account; that he withdrew more than $35,000 therefrom, which he used to purchase a number of immovables in his own name; that he insisted she sell certain of her paraphernal real estate to third persons, who bought them for his account, as evidenced by counter-letters and other agreements, said third parties being repaid by Defendant from Plaintiff’s own separate funds, all without her knowledge or consent; that the net result was her properties were transferred from her separate estate to Defendant without benefit to her, through the device of the interposed parties. These charges, if true, constitute fraud.
Plaintiff further claims, in the alternative only, that should these various transactions be held to be donations, which she denies, she desires to revoke them for ingratitude, citing the above wrongful acts, which she discovered only eleven months prior to filing the suit. To this demand Defendant filed an exception of prescription of one year, running from the date on which the ingratitude was discovered.
LSA-C.C. Art. 2389 and Art. 2395 provide that the wife shall provide a share of the expenses incurred during the marriage out of her paraphernal funds; though she is not required to contribute to the separate estate of the husband.
The pre-nuptial contract is authorized by LSA-C.C. Art. 2332.
The law applicable to the facts alleged by Plaintiff is:
LSA-C.C. Art. 2386, which provides, in part, that:
“ * * * If there is no community of gains, each party enjoys, as he chooses, that which comes to his hand; but thd fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the things which produce them;” and
LSA-C.C. Art. 2388, that:
“The husband, who administers the paraphernal property of his wife, notwithstanding her formal opposition, is accountable to her for all the fruits, as well as those existing as those which have been consumed.”
A wife may sue her husband during the marriage for the restitution of her separate and paraphernal estate. LSA-R.S. 9:291; LSA-C.C. Art. 2391.
If Plaintiff can prove all the allegations and charges of fraud, she is entitled to recover. Since all allegations are taken as true on an exception of no cause of action, the exception of no cause of action should have been overruled, and the case tried on the merits.
Regarding the alternative plea for nullity of the donation and the plea of prescription, urged against Plaintiff, the plea of no right of action was maintained on the basis of prematurity, as the wife cannot sue her husband during the marriage, except for one of the causes authorized by LSA-R.S. 9:291 and LSA-C.C. Art. 2391, and annulment of a donation is not one of them.
For the reasons assigned, the judgment dismissing Plaintiff’s suit on the exception of no right of action regarding revocation of the donation, is maintained on the basis of prematurity; and the judgment maintaining the exception of no cause of action to her other demands is annulled and set aside; the case remanded to the district court to be proceeded with according to law; Defendant to pay the costs of this appeal, all other costs to await final disposition of Plaintiff’s suit.
Affirmed in part, annulled and remanded in part.